988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank LOCKETT, Defendant-Appellant.
 No. 92-30002.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CR-91-00056-HJF, Helen J. Frye, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Renard Lockett appeals his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Lockett argues that his conviction should be reversed because the district court failed to suppress evidence seized pursuant to a defective search warrant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lockett contends that the district court improperly denied his motion to suppress evidence, including five ounces of cocaine and a pager, seized from his 1990 Dodge Dynasty. Lockett claims that the warrant, upon which the search of the car was executed, was unsupported by the government's required showing of probable cause.
 
 
 4
 Motions to suppress are generally reviewed de novo. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). However, the determination of probable cause by a district judge or magistrate judge prior to the issuance of a warrant is treated with great deference and thus is not reviewed de novo. Id. A finding of probable cause by a district judge or magistrate judge will not be reversed unless clearly erroneous--"[t]he court need only find that, 'under the totality of the circumstances, the [judge] had a substantial basis for concluding that probable cause existed.... In doubtful cases, preference should be given to the validity of the warrant.' " Id. (quoting United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986)).
 
 
 5
 Conceding that "there is no dispute [here] that the affidavits provide probable cause that [he] is a drug dealer," Lockett argues only that the affidavit underlying the warrant was insufficient to establish probable cause to believe that the Dodge was used to facilitate the distribution of cocaine and that a search of the Dodge would yield evidence of Lockett's narcotics trafficking activity. The district court properly rejected this claim. The affidavit contained information provided by a reliable, confidential source indicating that it was Lockett's standard business practice to use his vehicles to deliver cocaine: the informant stated that Lockett had made deliveries in a "newer white Jeep Cherokee" and that he had seen Lockett driving "a newer white Dodge Dynasty" in the recent weeks. Further, on at least four separate occasions, government investigators observed Lockett using the Dodge to travel from his two residences to meet with individuals at other locations "in a manner consistent with the times that Mr. Lockett made deliveries [of cocaine] to the informant." In authorizing a search of the Dodge, the magistrate judge issuing the warrant properly "dr[e]w reasonable inferences about where [the] evidence [was] likely to be kept, based on the nature of the evidence and the type of offense." United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991). The case relied upon by Lockett, United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir.1991), does not undermine our determination that the warrant here was valid.
 
 
 6
 Because we conclude that the search warrant was issued upon a showing of sufficient probable cause, we need not reach the question of whether the "good faith" exception applies.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3